**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| PATRICK PLUMLEY, <br><br> Plaintiff, <br><br> vs. <br><br> ENTASIS THERAPEUTICS HOLDINGS INC., DAVID MEEK, HEATHER PRESTON, HEATHER BERGER, HOWARD MAYER, DAVID C. HASTINGS, and MANOS PERROS, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Patrick Plumley ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Entasis Therapeutics Holdings Inc. ("Entasis" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell Entasis to Innoviva, Inc. ("Innoviva") (the "Proposed Transaction").

2. On May 23, 2022, Entasis entered into an Agreement and Plan of Merger with Innoviva and Innoviva's subsidiary, Innoviva Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement"). Innoviva and its affiliates currently own approximately 60% of the Company's outstanding common stock. Pursuant to the terms of the Merger Agreement, Innoviva will acquire

the remaining shares of Entasis it does not already own for $2.20 in cash per share of Entasis common stock, via a tender offer (the "Tender Offer"). Pursuant to the Merger Agreement, Merger Sub commenced the Tender Offer on June 7, 2022.

3.      On June 7, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC. Specifically, the Recommendation Statement, which recommends that Entasis stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (a) the Company's financial projections; and (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, MTS Securities, LLC ("MTS").

4.      The failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as Entasis stockholders need such information in order to make a fully informed decision in connection with the Tender Offer.

5.      The Tender Offer is currently scheduled to expire at 5:00 p.m. New York City Time on July 7, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Entasis's other shareholders to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal. Therefore, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Entasis common stock.

10. Defendant Entasis is a Delaware corporation, with its principal executive offices located at 35 Gatehouse Drive, Waltham, Massachusetts 02451. Entasis's shares trade on the Nasdaq Global Market under the ticker symbol "ETTX." Entasis is an advanced, late clinical-stage biopharmaceutical company focused on the discovery, development and commercialization of targeted antibacterial products that address high unmet medical needs to treat serious infections caused by multidrug-resistant pathogens.

11. Defendant David Meek has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Heather Preston is and has been a director of the Company at all relevant times.

13. Defendant Heather Berger is and has been a director of the Company at all relevant times.

14. Defendant Howard Mayer is and has been a director of the Company at all relevant times.

15. Defendant David C. Hastings is and has been a director of the Company at all relevant times.

16. Defendant Manos Perros has been President, Chief Executive Officer, and a director of the Company at all relevant times.

17. Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

18. On May 23, 2022, Entasis announced in relevant part:

BURLINGAME, Calif. and WALTHAM, Mass., May 23, 2022 -- Innoviva, Inc. (Nasdaq: INVA) ("Innoviva"), a diversified holding company with a portfolio of royalties and a growing portfolio of innovative healthcare assets, and Entasis Therapeutics Holdings Inc. (Nasdaq: ETTX) ("Entasis"), an advanced late-stage clinical biopharmaceutical company focused on the discovery and development of novel antibacterial products, today announced the companies have entered into a definitive merger agreement under which Innoviva is to acquire all of the outstanding shares of Entasis not already owned by Innoviva at a price of $2.20 per share in cash. Innoviva currently owns approximately 60% of the outstanding shares of Entasis common stock. The acquisition consideration values Entasis' equity at $113 million on a fully diluted basis. The transaction has been unanimously approved by the Innoviva and Entasis Boards of Directors.

"This acquisition will build upon our overall strategy to acquire differentiated, high-potential assets in attractive, yet often overlooked, disease areas where our capital and capabilities can make a difference," said Pavel Raifeld, Chief Executive Officer of Innoviva. "This transaction represents the next phase in our efforts to diversify our operations beyond our valuable royalty portfolio and will create significant value for patients, health systems and shareholders. We look forward to working with the Entasis team to advance sulbactam-durlobactam (SUL-DUR) and its broader novel antibacterial pipeline to address the urgent and serious threat posed by multidrug-resistant pathogens. Carbapenem-resistant Acinetobacter infections are an area of significant unmet medical need and, if approved by regulators, SUL-DUR could become the leading treatment for this disease."

"We are pleased that Innoviva recognizes the significant potential of our R&D pipeline and talented team, who have made great progress advancing our precision antibacterial programs to address serious unmet needs in treating multidrug-

resistant Gram-negative infections," said Manos Perros, Chief Executive Officer of Entasis. "We believe that Innoviva is the ideal organization to maximize the value of our pipeline and accelerate our ability to bring novel antibacterial therapies to patients."

Established in 2015 as a spin-out from AstraZeneca, Entasis' unique pathogen-targeted approach has produced a robust clinical and pre-clinical pipeline of potential first- and best-in-class medicines for the treatment of multidrug-resistant Gram-negative bacteria, including lead asset SUL-DUR. In a Phase 3 registrational trial, SUL-DUR achieved all primary and secondary endpoints and a New Drug Application (NDA) is expected to be submitted to the U.S. Food and Drug Administration in the third quarter of 2022.

**Additional Transaction Details**

Innoviva has been a strategic investor in Entasis since 2020 and holds an equity stake of approximately 60% of the outstanding shares of Entasis common stock. Pursuant to the terms and subject to the conditions of the merger agreement, Innoviva has agreed to purchase all of the issued and outstanding equity securities of Entasis not currently owned by Innoviva via a tender offer, followed by a merger, for consideration of $2.20 per share payable in cash. This represents a 50% premium to Entasis' closing price of $1.47 per share on January 31, 2022, the last date before Innoviva's original bid became public.

The transaction, which is subject to customary closing conditions, is anticipated to close in the third quarter of 2022.

**The Materially Incomplete and Misleading Recommendation Statement**

19. On June 7, 2022, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC. The Recommendation Statement, which recommends that Entasis stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial projections for Entasis; and (b) the financial analyses that support the fairness opinion provided by MTS.

*Material Misrepresentations and/or Omissions Concerning Entasis's Financial Projections*

20. The Recommendation Statement fails to disclose material information concerning the Company's financial forecasts, including: (a) Entasis management's assumptions underlying

5

the risk adjusted projections; and (b) the non-risk adjusted projections for SUL-DUR and zoliflodacin.

21. The Recommendation Statement also fails to disclose a summary of the Company's net operating losses.

*Material Misrepresentations and/or Omissions Concerning MTS's Financial Analyses*

22. The Recommendation Statement fails to disclose material information concerning the financial analyses performed by the Company's financial advisor, MTS.

23. With respect to MTS's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose a quantification of: (a) the unlevered free cash flows that Entasis will generate during the period from June 30, 2022 to December 31, 2035 used in the analysis; and (b) the inputs and assumptions underlying the discount rate range of 18% to 20%.

24. With respect to MTS's *Public Trading Comparable Companies Analysis*, the Recommendation Statement fails to disclose the individual multiples and financial metrics for market cap and peak sales observed for each company.

25. With respect to MTS's *Precedent Transactions Analysis*, the Recommendation Statement fails to disclose the individual multiples and financial metrics observed for each transaction.

26. In sum, the omission of the above-referenced information renders statements in the "Certain Prospective Financial Information" and "Opinion of MTS Securities, LLC" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Entasis will be unable to make a

sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

27.   Plaintiff repeats all previous allegations as if set forth in full.

28.   Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Entasis stockholders to tender their shares in the Tender Offer.

29.   Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

30.   Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

31.   SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

32.   Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

33.   The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

7

34.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

35.     The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Entasis, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

36.     Plaintiff repeats all previous allegations as if set forth in full.

37.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

38.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to Entasis stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning the Company's financial projections and MTS's financial analyses.

39.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

40.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

41.     Plaintiff repeats all previous allegations as if set forth in full.

42.     The Individual Defendants acted as controlling persons of Entasis within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Entasis, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Recommendation Statement.

45. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

46. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Entasis stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Entasis, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  June 16, 2022                            **LONG LAW, LLC**

                                                 By  */s/ Brian D. Long*
                                                     Brian D. Long (#4347)
                                                     3828 Kennett Pike, Suite 208
                                                     Wilmington, DE 19807
                                                     Telephone: (302) 729-9100
                                                     Email: BDLong@longlawde.com

                                                 *Attorneys for Plaintiff*